IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JO ANN KILAR, Individually And As To Some Claims, On Behalf Of The Class Of Other Similarly Situated, And DOBBS INTERNATIONAL SERVICES, nka GATE GOURMET, As Involuntary Plaintiff,<br><br>           Plaintiffs,<br><br>  vs.<br><br>BLUE CROSS BLUE SHIELD ASSOCIATION ("BCBSA"), An Illinois Not-For-Profit-Corporation; And Its Owners, Including HAWAI`I MEDICAL SERVICE ASSOCIATION ("HMSA"), A Hawai`i Unincorporated Mutual Benefit Society, ROBERT P. HIAM; UNIDENTIFIED INTERESTED DIRECTORS 1-100, AND THEIR EMPLOYERS; FORMER HMSA DIRECTORS AND THEIR EMPLOYERS; DOE BCBSA MEMBERS 2-50; DOE ATTORNEYS AND LAW FIRMS 1-100; DOE CONSULTANTS, AUDIT/ACCOUNTANCY FIRMS 1-100; JOHN DOE 51-101, DOE PARTNERSHIPS 1-101, AND DOE ENTITIES 1-50<br><br>           Defendants.<br>_____ | CV. NO. 03-00420 SOM-BMK |

## ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR DISQUALIFICATION OF JUDGE SUSAN OKI MOLLWAY

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiff's motion and the supporting and opposing memoranda, the Court DENIES Plaintiff's Renewed Motion for Disqualification of Judge Susan Oki Mollway.

## BACKGROUND

This case is currently on appeal to the Ninth Circuit. After final judgment was entered in Defendants' favor on December 6, 2004, Plaintiff Jo Ann Kilar ("Plaintiff") filed a Notice of Appeal with the Ninth Circuit. Although the parties are awaiting a decision by the Ninth Circuit, Plaintiff filed two motions with the district court.

While the case was before the district court, Plaintiff filed a Motion to Disqualify Judge Mollway ("First Motion") which this Court, on May 6, 2004, denied. In this Order Denying Plaintiff's Motion to Disqualify the Honorable Susan Oki Mollway, the Court determined that Plaintiff's assertions that Judge Mollway's husband had an interest in the case were remote, contingent or speculative. Consequently, Judge Mollway continued to preside over the case.

On November 23, 2005, Plaintiff filed the instant Renewed Motion for Disqualification of Judge Susan Oki Mollway ("Motion") along with a Motion for Order That District Court is Inclined to Vacate Judgment Filed 12-6-04.  On December 2, 2005, Defendants HMSA ("HMSA") and Blue Cross Blue Shield Association ("BCBSA") filed Oppositions to Plaintiff's Motion.  On December 5, 2005, Plaintiff filed a Reply to HMA's Opposition.

## DISCUSSION

Plaintiff again seeks disqualification of Judge Mollway for the reasons previously argued and on the additional ground that "should Plaintiff prevail on appeal and part of the case is transferred to M.L. 1334, Plaintiff will be seeking recoupment from a client of Judge Mollway's former law firm."  (Pl.'s Mot. at 7.)

HMA argues that Plaintiff's Motion should be denied because 1) the Court lacks subject matter jurisdiction given that the case is on appeal and 2) the Motion lacks merit.  HMA specifically contends that the additional ground raised by Plaintiff in her Motion is speculative and unlikely to occur.  Because the Motion is both premature and untimely with respect to the proceedings previously before the district court, HMA requests that the Court deny the Motion.

BCBSA likewise argues that Plaintiff's Motion is jurisdictionally barred because the appeal is pending in the Ninth Circuit.  BCBSA further asserts

that Plaintiff's Motion does not satisfy the requirements of either Federal Rule of Civil Procedure 60 or Local Rule 60.1.  Lastly, BCBSA characterizes Plaintiff's Motion as merciless, arguing that the grounds upon which Plaintiff seeks disqualification are remote, contingent and speculative.

"The effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal."  Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir. 1983) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam)).  Though not absolute, such a rule "is designed to avoid the confusion and inefficiency of two courts considering the same issues simultaneously."  Id. (citing 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.11 at 3-44 n. 1 (2d ed. 1983)).  The district court retains jurisdiction even during the pendency of an appeal regarding ancillary matters "or to enter orders relating to a continuing course of supervision by the district court."  United States v. Edwards, 800 F.2d 878, 884 (9th Cir. 1986).

In this case, Plaintiff raised the issue of disqualification in her Opening Brief to the Ninth Circuit.  It is clear that such an issue is not an ancillary matter nor one under a continuing course of supervision by the Court.  Because the Court already denied Plaintiff's First Motion and she has raised the same issue on

appeal, the Court does not have jurisdiction over the matter. It makes very little sense for the Court to address Plaintiff's Motion when the Ninth Circuit is simultaneously adjudicating the same issue.

Even if the Court retained jurisdiction over the matter, however, Plaintiff has failed to demonstrate that she is entitled to relief from the Court's Order Denying Plaintiff's Motion to Disqualify the Honorable Susan Oki Mollway, entered on May 6, 2004. Plaintiff's Motion relies on the same arguments previously raised; grounds upon which the Court denied Plaintiff's First Motion. The only new reason articulated by Plaintiff is that "should Plaintiff prevail on appeal and part of the case is transferred to M.L. 1334, Plaintiff will be seeking recoupment from a client of Judge Mollway's former law firm." (Pl.'s Mot. at 7.) This is pure speculation and not a sufficient basis for disqualifying Judge Mollway.

Whether Plaintiff will prevail on appeal remains to be seen. Therefore, the "additional ground" upon which Plaintiff raises the instant Motion is contingent on her success on appeal. Such a basis is too remote for the Court to grant the relief Plaintiff seeks. See Clemens v. United States D. Ct. for C. D. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005) ("Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not grounds for recusal.); United States v. Morrison, 153 F.3d 34, 48 (2d Cir. 1998)

("[W]here an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality."). Because the Ninth Circuit has jurisdiction over this case at present, the Court is without jurisdiction to address Plaintiff's Motion. Even if the Court had jurisdiction, however, Plaintiff's Motion would be denied because the basis upon which she seeks relief is speculative and remote at best.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Renewed Motion for Disqualification of Judge Susan Oki Mollway.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 8, 2006.



_____
David Alan Ezra
United States District Judge

Kilar v. Blue Cross Blue Shield Association, et al., CV No. 03-00420 SOM/BMK; ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR DISQUALIFICATION OF JUDGE SUSAN OKI MOLLWAY