IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JO ANN KILAR, et al., | ) | Civ. No. 03-00420 SOM/BMK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DECLINING TO INDICATE A |
| BLUE CROSS BLUE SHIELD | ) | WILLINGNESS TO ENTERTAIN |
| ASSOCIATION, an Illinois not | ) | PLAINTIFF'S RULE 60(b)(3) |
| for profit Corporation; and | ) | MOTION |
| its owners, including HAWAII | ) | |
| MEDICAL SERVICE ASSOCIATION, | ) | |
| a Hawaii Unincorporated | ) | |
| Mutual Benefit Society, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DECLINING TO INDICATE A WILLINGNESS
TO ENTERTAIN PLAINTIFF'S RULE 60(b)(3) MOTION

On November 23, 2005, Plaintiff Jo Ann Kilar filed two motions. The first sought to disqualify this judge. As United States District Judge David Alan Ezra has denied that motion, this judge now examines the merits of Kilar's second motion, which seeks an "order that district court is inclined to vacate judgment" based on fraud and/or misrepresentation. This second motion appears to be a request that this court indicate a willingness to entertain a Rule 60(b)(3) motion under the procedure set forth in Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004). The court declines to so indicate.

This case arose out of the refusal of Hawaii Medical Service Association ("HMSA") to pay for lung volume reduction

surgery ("LVRS") to treat Kilar's emphysema. On December 1, 2004, after a hearing on November 22, 2004, this court granted summary judgment in favor of Defendants. This court ruled that such a denial of benefits is reviewed only for abuse of discretion under § 1132(a)(1)(B) when a group health plan administrator, in this case, HMSA, has "unambiguously retained" discretion to grant or deny claims. In relevant part, this court held that HMSA unambiguously retained such discretion based on the following provision ("Discretionary Provision"):

> The Group hereby designates HMSA to be a fiduciary under the Plan solely for the purposes of (a) determining all questions of eligibility of Plan members; (b) determining the amount and type of benefits payable to any Plan members in accord with the Plan; and (c) interpreting the Plan provisions as is necessary to determine benefits. HMSA shall have complete and full discretionary authority in connection with these determinations and interpretations, and its decisions on these matters shall bind the Plan.

The court then determined that HMSA had not abused its discretion in denying Kilar's claim and further noted that, even if the court reviewed HMSA's denial of coverage <u>de novo</u>, HMSA would still prevail. <u>See</u> Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiffs' Counter Motion for Summary Judgment (Dec. 1, 2004).

Judgment was entered in favor of Defendants and against Kilar on December 6, 2004.

With the case currently on appeal to the Ninth Circuit, Kilar asks this court to indicate a willingness to entertain a Rule 60(b)(3) motion, arguing that attorneys for HMSA committed fraud by misrepresenting the enforceability of the Discretionary Provision.  Kilar argues that, on or about November 10, 2004, which was twelve days before the court's hearing on the motion for summary judgment, the Insurance Commissioner for the State of Hawaii sent HMSA an informal letter indicating that he thought that the Discretionary Provision was unenforceable.  See Letter from J.P. Schmidt to Francie Boland (Nov. 10, 2004).  Kilar would like to file a Rule 60(b)(3) motion to argue that HMSA committed fraud upon this court by failing to tell the court about this informal letter.  The letter, however, would have been irrelevant to this court's order.

Nothing in the letter indicates that the informal letter was binding or that it actually stated the correct law. In fact, on or about November 26, 2004, HMSA responded to the informal letter, arguing that the Insurance Commissioner was mistakenly relying on a state law that was preempted by the Employee Retirement Income Security Act ("ERISA"), as stated by the Hawaii Supreme Court in Hawaii Management Alliance Association v. Insurance Commissioner, 106 Haw. 21, 34-36, 100 P.3d 952, 965-67 (2004).  The Insurance Commissioner did not respond to HMSA's letter until December 8, 2004, after judgment

was entered in this case.  Although the Insurance Commissioner's "Memorandum" rejected HMSA's arguments, as of the time judgment was entered in this case, there was no final determination of the enforceability of the Discretionary Provision.  Accordingly, any failure to tell the court about the Insurance Commissioner's view of the enforceability of the Discretionary Provision was irrelevant to the grant of summary judgment in this case.

Summary judgment would have been granted in Defendants' favor even if the court had applied a de novo standard, and the Insurance Commissioner's view of the enforceability of the Discretionary Provision would not have been controlling or persuasive.  The court therefore declines to indicate a willingness to entertain a Rule 60(b)(3) motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 13, 2006.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Kilar, et al. v. Blue Cross Blue Shield Association, et al., Civ. No. 03-420 SOM/BMK; ORDER DECLINING TO INDICATE A WILLINGNESS TO ENTERTAIN PLAINTIFF'S RULE 60(b)(3) MOTION