UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JO ANNE KILAR,<br><br>　　Plaintiff - Appellant,<br><br>And<br><br>DOBBS INTERNATIONAL SERVICES, as involuntary plaintiff dba Gate Gourmet,<br><br>　　Plaintiff,<br><br>V.<br><br>BLUE CROSS BLUE SHIELD ASSOCIATION, "BCBSA", an Illinois not for profit corporation; et al.,<br><br>　　Defendants - Appellees. | No. 05-15053<br>D.C. No. CV-03-00420-SOM/BMK<br><br>**JUDGMENT**  |

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 07/24/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 18 2006

by: [signature]
Deputy Clerk

**FILED**

**NOT FOR PUBLICATION**

JUL 24 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JO ANNE KILAR,<br><br>    Plaintiff - Appellant,<br><br>and<br><br>DOBBS INTERNATIONAL SERVICES, as involuntary plaintiff dba Gate Gourmet,<br><br>    Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD ASSOCIATION, "BCBSA", an Illinois not for profit corporation; HAWAII MEDICAL SERVICE ASSOCIATION, (HMSA), a Hawaii mutual benefit society; DOE DIRECTORS AND FORMER DIRECTORS, Doe Directors and Former Directors of the HMSA Board of Directors 1-200; DOE BCBSA OWNERS 2-50; DOE ATTORNEYS AND LAW FIRMS 1-100; DOE ACCOUNTANTS AND ACCOUNTANCY FIRMS 1-100; J. P. SCHMIDT, in his capacity as Insurance Commissioner of the State of Hawaii; MARK J. BENNETT, in his capacity as | No. 05-15053<br><br>D.C. No. CV-03-00420-SOM/BMK<br><br><br><br><br><br><br><br>MEMORANDUM[*] |

---

[*]This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

Attorney General, State of Hawaii; MARK E. RECKTENWALD, in his capacity as Director, Department of Commerce and Consumer Affiars, State of Hawaii; RUSS SAITO, in his capacity as Comptroller, Department of Accounting and General Services, State of Hawaii; GEORGINA KAWAMURA, in her capacity as the Director of Budget and Finance, State of Hawaii; KATHLEEN WATANABE, in her capacity as the Director of Department of Human Resources Development, State of Hawaii; JOHN DOE 51-101; DOE CORPORATIONS 1-101; DOE PARTNERSHIPS 1-101; DOE ENTITIES 1-50; ROBERT P. HIAM; UNIDENTIFIED INTERESTED DIRECTORS 1-100, AND THEIR EMPLOYERS; FORMER HMSA DIRECTORS AND THEIR EMPLOYERS, DOE BSBSA MEMBER 2-50; DOE CONSULTANTS, AUDIT/ACCOUNTANCY FIRMS 1-100,

   Defendants - Appellees.

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted June 13, 2006
Honolulu, Hawaii

2

Before: B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

Jo Ann Kilar appeals the district court's grant of summary judgment in this ERISA action arising out of Hawaii Medical Services Association's (HMSA) refusal to pay for lung volume reduction surgery to treat Kilar's emphysema. We have jurisdiction over the district court's final judgment. *See* 28 U.S.C. § 1291. We review de novo the grant of summary judgment, and we affirm. *See Boise Cascade Corp. v. United States*, 329 F.3d 751, 754 (9th Cir. 2003).

HMSA did not act arbitrarily or capriciously[1] when it denied coverage for lung volume reduction surgery because it was an experimental procedure that the policy excluded. *See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 874-75 (9th Cir. 2004) (stating that a discretionary determination is an abuse of discretion "only when it is arbitrary and capricious"). The plan excluded "experimental or investigative" treatments which it defined as

---

[1] Because Kilar's plan unambiguously granted HMSA the discretion to determine her eligibility for coverage and to construe the terms of the plan, we review HMSA's coverage decision for an abuse of discretion. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1088-89 (9th Cir. 1999). HMSA would still prevail, however, if we reviewed its coverage decision de novo. Kilar does not dispute the key fact against her that, at the time she sought coverage, the National Emphysema Treatment Trial Research Group was studying lung volume reduction surgery to determine its safety and efficacy.

procedures that are "the subject of" phase I, II, or III trials, or "otherwise under study" to determine "its maximum tolerated dose, its toxicity, its safety, its efficacy or its efficacy as compared with a standard means of treatment or diagnosis." When Kilar requested coverage for lung volume reduction surgery in August 2001, the National Emphysema Treatment Trial was testing the safety and efficacy of lung volume reduction surgery in emphysema patients. On October 11, 2001, while HMSA was considering Kilar's coverage request, preliminary results from the Trial were published in the New England Journal of Medicine. The preliminary report stated that the study was continuing and that final results would be reported once the trial was completed. The preliminary results from the trial indicated that patients who met two criteria were unlikely to benefit from lung volume reduction surgery and had a high risk of death from the procedure. Kilar satisfied both of the exclusionary criteria the study identified.

Killar also appeals the district court's dismissal of the claims she asserted along with her ERISA coverage claim. We review de novo and affirm. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 321 F.3d 933, 937 (9th Cir. 2003). Kilar did not establish a prima facie case to support her RICO claims. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004) (holding that a prima facie RICO case must articulate "(1) the conduct (2) of an enterprise (3) through a

pattern (4) of racketeering activity"); *Wagh v. Metris Direct, Inc.*, 348 F.3d 1102, 1111 (9th Cir. 2003) (holding that a RICO plaintiff must articulate the existence of an enterprise beyond that which was inherent in the alleged racketeering activity, and the mechanisms for controlling and directing the enterprise on an on-going basis). Kilar's non-coverage ERISA claims were properly dismissed because HMSA was not the plan administrator and therefore did not have a duty to tell her about the plan's remedy restrictions. *See Moran v. Aetna Life. Ins. Co.*, 872 F.2d 296, 299 (9th Cir. 1989). Kilar's state law fraud and tort claims are preempted because they relate to her ERISA plan and fall within ERISA's exclusive remedial scheme. *See Aetna Health*, 542 U.S. at 214-15 (holding that state actions to recover benefits are preempted even if they are: (1) tort claims, (2) based on an external state statutory duty; and (3) non-duplicative of ERISA remedies).

The judgment of the district court is

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 18 2006

by:
Deputy Clerk

```
INTERNAL USE ONLY: Proceedings include all events.
05-15053 Kilar, et al v. Blue Cross Blue Sh, et al
```

| | |
|---|---|
| JO ANNE KILAR<br>    Plaintiff - Appellant | Stephen M. Shaw, Esq.<br>FAX 808/531-2129<br>808/521-0800<br>[COR LD NTC ret]<br>P.O. Box 2353<br>Honolulu, HI 96804 |
| DOBBS INTERNATIONAL SERVICES,<br>as involuntary plaintiff dba<br>Gate Gourmet<br>    Plaintiff | John T. Komeiji, Esq.<br>808/544-8300<br>23rd Floor<br>[COR LD ret]<br>WATANABE ING & KAWASHIMA<br>First Hawaiian Center<br>999 Bishop St<br>Honolulu, HI 96813 |

   v.

| | |
|---|---|
| BLUE CROSS BLUE SHIELD<br>ASSOCIATION, "BCBSA", an<br>Illinois not for profit<br>corporation<br>    Defendant - Appellee | Peter W. Olson<br>808/521-9200<br>10th Floor<br>[COR LD NTC ret]<br>CADES, SCHUTTE, FLEMING &<br>WRIGHT<br>1000 Bishop Street<br>Honolulu, HI 96813 |
| HAWAII MEDICAL SERVICE<br>ASSOCIATION, (HMSA), a Hawaii<br>mutual benefit society<br>    Defendant - Appellee | Paul Alston<br>808/524-1212<br>[COR LD NTC ret]<br>Thomas E. Bush, Esq.<br>808/524-1800<br>[COR ret]<br>Hellen Godbey Carson, Esq.<br>808/524-1800<br>18th Floor<br>[COR LD NTC ret]<br>ALSTON HUNT FLOYD & ING<br>1001 Bishop Street<br>1800 Pacific Tower<br>Honolulu, HI 96813<br><br>Dianne W. Brookins<br>808/524-1800<br>Ste. 1800<br>[COR LD NTC ret]<br>ALSTON, HUNT, FLOYD & ING<br>Pacific Tower<br>1001 Bishop Street<br>Honolulu, HI 96813 |
| DOE DIRECTORS AND FORMER<br>DIRECTORS, Doe Directors and | No appearance<br>No appearance |

MOAPP
i

INTERNAL USE ONLY: Proceedings include all events.
05-15053 Kilar, et al v. Blue Cross Blue Sh, et al

| | |
|---|---|
| Former Directors of the HMSA Board of Directors 1-200<br>    Defendant - Appellee | |
| DOE BCBSA OWNERS 2-50<br>    Defendant - Appellee | No appearance<br>(See above) |
| DOE ATTORNEYS AND LAW FIRMS 1-100<br>    Defendant - Appellee | No appearance<br>(See above) |
| DOE ACCOUNTANTS AND ACCOUNTANCY FIRMS 1-100<br>    Defendant - Appellee | No appearance<br>(See above) |
| J. P. SCHMIDT, in his capacity as Insurance Commissioner pf the State of Hawaii<br>    Defendant - Appellee | No appearance<br>(See above) |
| MARK J. BENNETT, in his capacity as Attorney General, State of Hawaii<br>    Defendant - Appellee | No appearance<br>(See above) |
| MARK E. RECKTENWALD, in his capacity as Director , Department of Commerce and Consumer Affiars, State of Hawaii<br>    Defendant - Appellee | No appearance<br>(See above) |
| RUSS SAITO, in his capacity as Comptroller, Department of Accounting and General Services, State of Hawaii<br>    Defendant - Appellee | No appearance<br>(See above) |
| GEORGINA KAWAMURA, in her capacity as the Director of Budget and Finance, State of Hawaii; KATHLEEN WATANABE, in her capacity as the Director of Department of Human Resources Development, State of Hawaii; JOHN DOE 51-101; DOE CORPORATIONS 1-101; DOE PARTNERSHIPS 1-101; DOE ENTITIES 1-50<br>    Defendant - Appellee | No appearance<br>(See above) |
| ROBERT P. HIAM<br>    Defendant - Appellee | Charles A. Price<br>808/523-3900<br>Pauahi Tower, 2600 |

```
INTERNAL USE ONLY: Proceedings include all events.
05-15053 Kilar, et al v. Blue Cross Blue Sh, et al

                                        [COR LD NTC ret]
                                        KOSHIBA, AGENA & KUBOTA
                                        1001 Bishop Street
                                        Honolulu, HI 96813

UNIDENTIFIED INTERESTED              No appearance
DIRECTORS 1-100, AND THEIR           (See above)
EMPLOYERS
      Defendant - Appellee

FORMER HMSA DIRECTORS AND            No appearance
THEIR EMPLOYERS, DOE BSBSA           (See above)
MEMBER 2-50; DOE CONSULTANTS,
AUDIT/ACCOUNTANCY FIRMS 1-100
      Defendant - Appellee
```